Joshua C. Sanders, Respondent, v. Charles T. Saxton et al., as Commissioners of the Land Office of the State of New York, et al., Appellants.

Tax — Action against State Officers to Cancel Tax Sale Deeds — State Necessary Party — When Action Cannot Be Maintained.
The state is a necessary party to an action brought by the owner and possessor of certain lands against the commissioners of the land office and the comptroller of the state of New York to have certain deeds, executed by the comptroller to the people of the state on sales of said lands for unpaid taxes, adjudged illegal and void, and to have the record thereof canceled, since it is the title of the state to such lands that is to be passed upon, not a trespass or any other illegal act of the defendants; and as there is no statute authorizing a suit against the state for the matter set forth in the complaint, the action cannot be maintained.
*Sanders* v. *Saxton*, 89 App. Div. 421, reversed.

(Argued June 8, 1905; decided October 24, 1905.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 15, 1904, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Julius M. Mayer*, Attorney-General (*Horace McGuire* on the brief), for appellants. This action is in effect an action against the state, and the state cannot be sued without its consent. (*Moore* v. *Townsend*, 102 N. Y. 387; *Churchill* v. *Onderdonk*, 59 N. Y. 134; *Miller* v. *L. I. R. R. Co.*, 71 N. Y. 380; *People ex rel. Millard* v. *Roberts*, 151 N. Y 543; *People* v. *Turner*, 145 N. Y. 460.)

*Robert Goeller* for respondent. The proper parties defendant are before the court. (*Marbury* v. *Machison*, 1 Cranch, 137; *Osborn* v. *Bank of United States*, 9 Wheat. 738; *United States* v. *Lee*, 106 U. S. 196; *Rolston* v. *Missouri*

*Fund Comrs.*, 120 U. S. 390; *People ex rel. Millard* v. *Roberts*, 151 N. Y. 540; *Nehasane Park Assn.* v. *Lloyd*, 167 N. Y. 431.)

CULLEN, Ch. J. The action was brought by the plaintiff as the owner in fee and possessor of certain lands in the late town of New Utrecht in the county of Kings (now part of the borough of Brooklyn in the city of New York) against the defendants, except the defendant Roberts, as commissioners of the land office of the state of New York, and against the defendant Roberts, as comptroller of said state, to have certain deeds executed by the comptroller to the people of the state on sales of said lands for unpaid taxes adjudged illegal and void and the record of the same in the registrar's office to be so marked and to require the comptroller to cancel and vacate the record thereof in his office. Judgment was granted substantially as prayed for in the complaint, and that judgment affirmed by the Appellate Division, from which affirmance an appeal has been taken to this court.

At the threshold of the examination of this appeal there is presented to us the question of the right of the plaintiff to maintain an action of the character specified against the defendants as officers of the state. This question was raised in the trial court by a motion made at the opening of the case to dismiss the complaint on the ground that it stated no cause of action against the defendants and that the court had no jurisdiction of the subject-matter of the suit. To the denial of that motion the appellants properly excepted. The motion being made on the pleadings no consideration of the sufficiency of the evidence is involved, and the exception survives the unanimous affirmance by the Appellate Division. We think the question has been erroneously decided by the courts below, that the action was not maintainable and that the complaint should have been dismissed on the defendants' motion.

It is elementary law that the state being a sovereign cannot be sued except with its own consent (*Cohens* v. *Virginia*, 6 Wheat. 264; *Matter of Hoople*, 179 N. Y. 308), subject,

of course, to the one qualification found in the Federal Constitution, that an action may be maintained by one state against another state. But though the state cannot be subjected to hostile litigation at the instance of the individual, that immunity is not possessed by its officers, who can be held responsible for illegal trespasses or torts on the rights of an individual, even though they act or assume to act under the authority and pursuant to the directions of the state. This principle was established at quite an early period in our history by the decision of the Supreme Court of the United States in *Osborne* v. *Bank of United States* (9 Wheat. 738). There the taxing officers of the state of Ohio threatened to collect a tax imposed by the state on a bank chartered by the United States and had already seized part of the specie held by the bank. It being determined that the state could not constitutionally impose the tax on the bank, it was further held that the officers of the state were properly restrained from collecting the tax and compelled to restore the funds they had already taken. In *Davis* v. *Gray* (16 Wall. 203) it was held that a state officer might be enjoined from executing a state law in conflict with the Federal Constitution and from incumbering, by patents to others, lands which had been contracted to a railroad company. In *United States* v. *Lee* (106 U. S. 196) it was held that while the United States could not be sued without their consent, still an action might be brought in ejectment to recover lands in the possession of the officers and agents of the United States. These cases and others fully support the doctrine that the officers and agents of the United States and of the states may be sued for their illegal acts or to recover property illegally possessed by them despite the immunity of their principal. That doc trine, however, does not cover the case now before us. The defendants are not in possession of the plaintiff's property, nor have they been. They have not committed nor do they threaten to commit any trespass thereon, or any other illegal act by which the rights of the plaintiff may be jeopardized or impaired. The action is both in effect and in

form to cancel and remove the deeds to the people of the state of New York as clouds upon the plaintiff's title. The grantee in such a deed is plainly a necessary party to such an action, as it is the title of that grantee that is to be passed upon, and it cannot be adjudged void unless he is brought in court. No one would ordinarily think of disputing this proposition. The only reason for omitting to make the state a party in this case is that it cannot be made a party, and for that reason it is sought to avoid the immunity that the state possesses by making its officers parties in its stead. But it is also settled by the decisions of the Supreme Court that "the United States are not bound by a judgment to which they are not parties, and that no officer of the government can, by defending a suit against private persons, conclude the United States by the judgment." (*Carr* v. *United States*, 98 U. S. 433 ; *United States* v. *Lee*, *supra*.) Now, as the only object and purpose of a suit in equity to remove a cloud on the title to property is to have any adverse title that may be asserted under such cloud passed on and adjudged void so that the plaintiff in possession may be forever afterwards free from any danger of the hostile claim, it would seem plain that where the judgment in an action cannot conclude or bind a party claiming under the adverse title the action must fail. It is true that in one of the earlier cases (*Davis* v. *Gray*, *supra*) it is said : "Where the state is concerned the state should be made a party if it could be done. That it cannot be done is a sufficient reason for the omission to do it, and the court may proceed to decree against the officers of the state in all respects as if the same were a party to the record." If these remarks are to be construed apart from the context of the opinion in which they are found the proposition stated therein is far too broad, as it would entirely abrogate the immunity from suit which all the authorities concede the state possesses. But that the court intended to lay down no such rule is apparent from its subsequent decision in *Louisiana* v. *Jumel* (107 U. S. 711). In that case the state passed a statute compromising the claims of its bondholders

by the issue of a new consolidated bond in substitution of its former debt and declaring that the statute should be deemed a contract between the state and its bondholders. Subsequently, by an amendment to the State Constitution, the amount authorized to be raised by taxation of property within the state was limited and the interest on the consolidated bonds reduced. The holders of the consolidated bonds presented their coupons for payment, which was refused, and thereupon brought an action in equity to restrain the state officers from applying the proceeds of the state taxes to other purposes than the payment of said coupons. The court held that the statute under which the bonds were issued constituted a contract between the state and the holders of the bonds within the protection of the Federal Constitution. But it further held that in reality the suit was a suit against the state itself, and, therefore, could not be maintained. In the prevailing opinion there is an exhaustive review of all the earlier decisions of the subject. It is shown that in the *Osborne,* the *Davis* and the *Lee* cases the actions were to restrain the commission of unlawful acts by the state or government officers for which the command of their principal afforded no justification, or to recover possession of property held equally without warrant of right. The distinction between those cases and the one then before the court is clearly pointed out in that in the latter case the moneys sought to be reached were the moneys of the state, in the state treasury, impressed with no trusts, and the relation existing between the state and the bondholder was merely that of debtor and creditor. Accordingly it was held that such an action was essentially one against the state itself and, therefore, could not be maintained. The same principle governs the case now before us. The title now sought to be adjudged void is the title of the People of the state, the defense of which has not been committed to any officer by whose appearance the state could be concluded. Nor is the decision in *Louisiana* v. *Jumel* limited or qualified by the subsequent decision in *Rolston* v. *Missouri Fund Commissioners* (120 U. S. 390). The distinction between the two

31

cases is stated in a few sentences in the opinion in the later case : " But this case is entirely different from that (*Jumel* case). There the effort was to compel a state officer to do what a state prohibited him from doing. Here the suit is to get a state officer to do what the state requires of him." The property rights of the plaintiff are not infringed by this decision. He is in possession of the land. If any one should assume to enter upon it by ousting him from possession he might defend that possession not only physically but by actions in the courts, and if the title of the state is invalid, successfully in the courts. Even in the case of a deed to an individual purchaser on a tax sale, we have held that the legislature may restrict or abolish the right of the owner of the land to relief in equity against the deed as a cloud on his title, since such owner, if in possession, may maintain his possession and if out of possession may recover it by ejectment. (*Loomis* v. *City of Little Falls*, 176 N. Y. 31.) As we have not been referred to any statute authorizing a suit against the state for the matter set forth in the complaint we are of opinion that the action cannot be maintained.

The judgment of the Appellate Division and that of the Special Term should be reversed and the complaint dismissed, with costs in all the courts.

GRAY, O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Judgment reversed, etc.