THYRZA BENSON FLAGG, Individually, and BROOKLYN TRUST COMPANY and Another, Trustees under the Last Will and Testament of MARY BENSON, Deceased, Plaintiffs, *v.* ROBERT MOSES and Others, Defendants.*

Supreme Court, Suffolk County, July 9, 1928.

Eminent domain — appropriation — action to restrain defendants from using certain property as public park, and for damages — members of Long Island State Park Commission endeavored to agree as to price — condemnation was justified — fact that Commission may not have sufficient funds, does not bar it from condemning property — plaintiffs, by filing claim with Court of Claims, waived said contention.

Plaintiffs seek to restrain the defendants, who are members of the Long Island State Park Commission, from using certain land at Montauk Point as a State park, and they also seek to recover damages. The evidence shows that the Commissioners endeavored to purchase the land by agreement and did not proceed to acquire the land by entry or appropriation until after the plaintiffs had entered into a contract to sell the same to a third person. Therefore, the provision requiring preliminary negotiations before appropriation was fully met by the defendants.

The evidence shows that the Commissioners in good faith believed that they had sufficient funds on hand with which to pay for the property appropriated. Therefore, the act of appropriation was not void.

Furthermore, it appears that the plaintiffs have filed a claim with the Court of Claims, asking that court to fix the value of the property taken and to direct the State Treasurer to pay that amount to them. The submission of the claim to the Court of Claims is a bar to a recovery in this action.

ACTION against the individuals constituting the Long Island State Park Commission to restrain the defendants from the use of certain lands as a public park and for damages.

*Masten & Nichols* [*John A. Kelly* and *Walter S. Throop* of counsel], for the plaintiffs.

*George D. Carrington* [*Walter H. Pollak* and *G. Frank Dougherty* of counsel], for the defendants.

HUMPHREY, J. Plaintiffs were, prior to July, 1924, the undisputed owners of certain property on the Montauk Point Peninsula.

---

* See, also, 222 App. Div. 762, 821.

The defendants were, at the time of the commencement of this action, the Long Island State Park Commission, created by an act of the Legislature (Laws of 1924, chap. 112).

Prior to the 15th of August, 1924, the plaintiffs and defendants entered into negotiations for the purchase by the State for park purposes of certain lands then belonging to plaintiffs. The negotiations failed to result either in an agreement upon a price or the exact boundaries of the land proposed to be taken.

Finally, on the 15th of August, 1924, under the terms of the Long Island Park Act, the defendants, acting in their capacity as the Long Island State Park Commission, served notice upon the plaintiffs of the appropriation by the State for park purposes of the lands described in the complaint herein.

At the time of the service of such notice of appropriation, the defendants had at their disposal for the purchase of park lands on Long Island $190,000, and allocated for the particular site here involved the sum of $149,500.

In March, 1926, plaintiffs commenced this action to restrain the defendants from the use of the lands in question as a public park and for damages.

On the 10th of August, 1926, the plaintiffs filed with the Court of Claims a suit to recover from the State through that court the value of the property taken.

The Long Island Park Act (Laws of 1924, chap. 112) has been under scrutiny by our highest court in the case of *Pauchogue Land Corporation* v. *Long Island State Park Commission* (243 N. Y. 15), and by that decision the law as applicable to this case has been fixed. It is there held that the Commission as such may not be sued, but that the individuals constituting the Commission if acting without authority may be held liable for unlawful acts undertaken on behalf of the State.

The pleadings in this action have now been so amended as to come within the rule of liability laid down in the *Pauchogue* case.

Section 16 of the Long Island Park Act defines the method by which lands may be acquired; *i. e.*, " by gift, agreement, condemnation or entry."

The defendants sought to acquire by entry or appropriation. Where that method of acquisition is adopted, the Commissioners shall first seek to agree with the owners at a time when it has at its disposal money reasonably adequate to pay for the property taken. It is only until negotiations fail or further effort becomes futile that the law authorizes appropriation.

In this case the Benson estate deferred to the agent of the plaintiff Flagg, and discussions and correspondence subsequent to

one interview with the executors of the Benson estate were had with the agent of the other plaintiff. The discussions and correspondence between the agent and the chairman of the Commission continued until the plaintiff had executed an option to sell to a private purchaser the land sought, together with other lands at Montauk Point.

Upon the defendants learning of the execution by the plaintiffs of the contract to sell as above set forth, steps were at once taken to appropriate. The provision requiring preliminary negotiations before appropriation was fully met by the defendants.

Did the defendants have available a sum of money reasonably adequate at the time of entry? The answer to this question depends to a large extent upon the value of the land appropriated.

The Commissioners themselves, two of whom were quite familiar with the property taken, placed their estimate of its value. This was supplemented by the opinion of a real estate broker engaged by the Commission for that purpose, and at the trial of this action the testimony of other real estate brokers who claimed to be familiar with values in that locality, tended to sustain the Commissioners' estimate.

If the opinion of these men is to govern, the sum available was reasonably adequate. In fact more than sufficient to pay for the land taken.

At the trial the plaintiffs' experts placed the value upon the land taken far in excess of the estimate of the defendants.

In the *Pauchogue* case the expression upon this point is as follows: " It by no means follows that if the amount of money appropriated by the Legislature is inadequate fully to pay the judgment of the Court of Claims, compensation is not sufficiently provided for to meet constitutional demands and that an act of appropriation of lands is, therefore, *ultra vires* and void. The amount appropriated is a qualified limitation upon the power to act. Public officials are presumed to act within their authority and if they in good faith and with authority of law appropriate lands found by the Court of Claims to be of greater value than the amount actually appropriated therefor, the credit of the State may be pledged to meet the deficiency. Otherwise the whole plan of appropriation by entry or condemnation would be dependent on the infallibility of the public officials in estimating the true value of property taken by them for State purposes."

The foregoing expression by the Court of Appeals applies the test of good faith on the part of the Commissioners. If the defendants are sustained in the act of taking, the plaintiffs through the Court of Claims, will receive the full value of their lands at the

time of taking without regard to the sum available to the Commissioners at the time of entry.

I find that the Commissioners did act in good faith, and that the test of reasonable adequacy applied in the *Pauchogue* case was present here.

The foregoing is sufficient to defeat the plaintiffs' cause of action, but still another element prevents them from recovery.

The plaintiffs, in order to save themselves from being barred in the Court of Claims by the two years' Statute of Limitations, shortly before such statute would apply, filed their suit in the Court of Claims, asking that court to fix the value of the property taken, and to direct the State Treasurer to pay it to them.

The weight of authority upholds the defendants' contention that the submission by plaintiffs to the Court of Claims is a bar to a recovery here. The cases in support of this contention hang upon the decision in *Great Falls Manufacturing Co.* v. *Attorney-General* (124 U. S. 581). Under this and other decisions the proceeding in the Court of Claims constitutes plaintiffs' only remedy.

Defendants' findings signed. Plaintiffs' proposed findings passed upon.