JONES BEACH BOULEVARD ESTATES, INC., Plaintiff, *v.* ROBERT MOSES and Others, Defendants.

Supreme Court, Nassau County, July 30, 1932.

*Wachtell, Manheim & Grouf* [*Samuel R. Wachtell* and *Harold J. Manheim* of counsel], for the plaintiff.

*Raymond P. McNulty* [*Carl S. Stern, Arthur H. Goldberg* and *Saul R. Gamer* of counsel], for the defendants.

HALLINAN, J.   The plaintiff seeks by this action to permanently enjoin the defendants, who are the Commissioners of the Long Island State Park Commission, from enforcing a certain ordinance of the Commission which forbids left turns upon the Jones Beach Causeway in Nassau county, N. Y., upon the ground mainly that the enforcement of this ordinance constitutes a deprivation without compensation of certain easements reserved by the plaintiff's grantor in the deed conveying to the People of the State of New York the lands upon which the causeway is built.

The defendants are not sued in their official capacity, the theory being that they had acted wrongfully and were, therefore, not protected as officials by the sovereign immunity of the State. (*Pauchogue Land Corp.* v. *Long Island State Park Comm.*, 243 N. Y. 15; *Saratoga State Waters Corp.* v. *Pratt*, 227 id. 429.)

Plaintiff's grantor, Jacob Marinoff, owned in 1927 the fee to 365 acres of land situated at Wantagh, Nassau county, N. Y., running from Merrick road to the shore of the Great South bay. By warranty deed dated the 17th day of February, 1927, Marinoff conveyed to the People of the State of New York, in consideration of the acceptance of the deed by the Long Island State Park Commission, for parkway purposes, a strip of land 160 feet wide, through his property, running a distance of almost two miles from Merrick road to the Great South bay, on condition that the said strip of land be improved as the approach from Merrick road to Jones Beach, upon which a State park was to be developed.

In this deed the grantor expressly reserved to himself eighteen rights of way in the following language: " Said owner hereby reserves eighteen rights-of-way over and across the lands hereby conveyed, to be used only as private driveways or roadways *connecting the lands of the owner adjacent to the lands hereby conveyed with the proposed driveway or roadway to be located on the lands hereby conveyed.*   The general location of such private driveways shall be as follows: One on each side of said land hereby conveyed at distances of approximately one thousand feet and so located that they will not be opposite each other; the exact location and the manner of the construction, maintenance and use of said private driveways shall be according to plans, specifications, rules and regulations to be submitted to and approved by the Long Island State Park Commission."   (Italics are mine.)

Thereafter Marinoff conveyed his remaining lands, with all appurtenances, to the plaintiff. By deed dated March 17, 1931, the plaintiff, in consideration of $50,000, conveyed additional lands to the State by the Long Island State Park Commission, comprising some sixteen acres, and released thirteen of the eighteen rights of way, reserving two easements over the lands thus conveyed, each to connect with and be an extension of one of the five remaining rights-of-way reserved in the first mentioned deed.

On the same day, to wit, March 17, 1931, the plaintiff and the Commission executed an agreement in writing wherein each of the five remaining " rights-of-way " were definitely located, they being referred to, however, as " entrances."

The causeway as constructed consists of a paved center portion and landscaped park land on both sides thereof. There is no doubt in my mind that the " no left turn " regulation is desirable for the general public as traffic is greatly facilitated thereby. Nor is there any doubt that the regulation is a reasonable one — the result of deliberate study by the Commission of conditions there prevailing. Furthermore, this regulation is in accordance with the general policy adhered to by the Commission in forbidding left turns to private roadways on the Southern State Parkway from the city line to Jones Beach.

The plaintiff's principal contention is that as to its five rights-of-way the " no left turn " ordinance is invalid in that it deprives the plaintiff of property rights without compensation and impairs the obligation of the contract between the plaintiff's grantor and the State.

The plaintiff, in construing the language of the paragraph in the Marinoff deed creating the " rights-of-way," has divided it into two parts, designating one part as operative and the other descriptive. The operative portion, it is pointed out, is as follows: " Said owner hereby reserves eighteen rights of way over and across the lands hereby conveyed to be used only as private driveways or roadways, * * *." The descriptive portion is all the rest of the paragraph. Thus divided the plaintiff claims the practical construction of the language to be such as to entitle it to *cross* the causeway so as to provide access from one part of its property to the other as well as access from its property on either side of the causeway to the streams of traffic in both directions.

With this construction I am unable to agree. In extracting a portion of a sentence in the paragraph wherein the rights-of-way were created and in designating that portion alone as the operative dart of the reservation, the plaintiff has violated a basic principle

of construction. (*Atwater* v. *Panama R. R. Co.*, 246 N. Y. 519, 524.)

The paragraph must be construed in its entirety and each part thereof given meaning in the light of the whole. Thus construed, I can find no basis for the plaintiff's interpretation of its rights. The rights-of-way reserved in the Marinoff deed are expressly limited; limited *to the extent necessary of connecting the remaining lands of the grantor adjacent to the lands conveyed with the proposed roadway only.* The easements were intended to enable the grantor to cross the landscaped strips of the causeway from his land onto the paved roadway and thus give him access thereto. Once upon the roadway his rights are no different from those of the general public. Both are subject to the regulations and ordinances of the Commission including the " no left turn " traffic ordinance, which I find the defendants are empowered to promulgate and enforce as Commissioners of the Long Island State Park Commission having exclusive jurisdiction over the causeway. (Conservation Law, §§ 775, 777, 778, added by Laws of 1928, chap. 242.)

Accordingly, judgment will be entered for the defendants on the merits, with costs. The various motions of the plaintiff with respect to the evidence are denied with appropriate exceptions. Submit findings on two days' notice.