ERIE RAILROAD COMPANY, Respondent, *v.* CHARLES H. SELLS, Appellant, et al., Defendants.

Argued March 9, 1948; decided June 11, 1948.

*Nathaniel L. Goldstein, Attorney-General (Wortley B. Paul and Wendell P. Brown of counsel), for appellant.* Action against defendant Sells as an individual could only be maintained because of an affirmative act done by him outside the scope of his authority causing injury to the plaintiff. No such act is alleged directly or inferentially. The complaint fails to state a cause of action against him. (*Gould* v. *Booth,* 66 N. Y. 62; *Greco* v. *Levy,* 282 N. Y. 575; *Murray* v. *Usher,* 117 N. Y. 542; *Christianson* v. *Breen,* 288 N. Y. 435.)

*John D. Bright* for respondent. I. The complaint states a cause of action. (*Samilow* v. *Keck,* 257 App. Div. 1073; *O'Connor* v. *O'Connor,* 263 App. Div. 820, 288 N. Y. 579; *Sztejn* v. *Schroder Banking Corp.,* 177 Misc. 719; *Rogers* v. *Aronstein,* 185 Misc. 999; *Wright* v. *Shanahan,* 61 Hun 264, 149 N. Y. 495; *Rhynders* v. *Greene,* 255 App. Div. 401.) II. The Supreme Court has jurisdiction of the subject of the action. (*Columbia Machine Works* v. *Long Island R. R. Co.,* 267 App. Div. 582; *Mowers* v. *State,* 168 Misc. 651; *Poindexter* v. *Greenhow,* 114 U. S. 270; *Pauchogue Land Corp.* v. *State Park Comm.,* 243 N. Y. 15; *Litchfield* v. *Bond,* 186 N. Y. 66; *Wright* v. *Shanahan,* 61 Hun 264, 149 N. Y. 495.)

LOUGHRAN, Ch. J. The action is one for an injunction against alleged nuisances. The plaintiff is a domestic railroad corporation. The defendants are the County of Rockland and Charles H. Sells. At all the times in issue, Mr. Sells was and is now Superintendent of Public Works of the State of New York (Public Works Law, Cons. Laws, ch. 75). He is here sued, however, in his individual capacity and not as such superintendent.

A motion made by him for dismissal of the complaint on the grounds of insufficiency and lack of jurisdiction was granted by the court at Special Term. The Appellate Division reversed on the law, denied the motion to dismiss, and then passed the case on to us by way of the following question certified: " Was the order of Special Term properly made? " We interpret this question as posing the issues of law raised by the motion to dismiss. (See *Hession* v. *Sàri Corp.*, 283 N. Y. 262, 264.)

As against the defendant Sells, the complaint makes the following allegations: In the county of Rockland, a State highway known as route 9-W, which is " under the control and supervision of the defendant Charles H. Sells ", runs parallel to and at an elevation higher than that of other built-up lands upon which a railroad line is maintained by the plaintiff railroad company; this highway, " by reason of the manner of construction thereof with its lateral ditches and culverts, collects all the surface waters flowing down from the slopes above * * * and concentrates and discharges such surface waters * * * upon plaintiff's said lands, causing damage thereto "; this condition of things is and has long been known to the defendant, Charles H. Sells, " individually and as Superintendent of Public Works of the State of New York ", but he has nevertheless disregarded repeated requests that he cease and desist from so damaging the plaintiff; and, since such intermittent wrongs occur quite often, recoveries of damages therefor in successive actions at law will afford no adequate relief for the irreparable harm thereby inflicted upon the plaintiff railroad company. On the foregoing allegations, a judgment is demanded which would enjoin the defendant Sells " from so constructing, repairing and maintaining " the New York State highway known as route 9-W as to bring about recurrences of the mischief of which the plaintiff complains.

The defendant Sells became Superintendent of Public Works of the State of New York on May 20, 1943. In an unchallenged affidavit submitted in support of his motion for dismissal of the complaint, he says: " New York State Route 9-W is a public highway of the State of New York. That portion of the highway described in the complaint * * * was constructed in 1925 * * *. From 1925 until the commencement of the

instant action, there has been no structural change in New York State Route 9-W in the location described, and at all the times mentioned in the complaint, the highway was, and still is, in the same condition as of the date of its completion in 1925.''

As authority for its reversal of the Special Term order dismissing the complaint on the motion of the defendant Sells, the Appellate Division cited *Wright* v. *Shanahan* (61 Hun 264; 83 Hun 615, mod. 149 N. Y. 495) and *Pauchogue Land Corp.* v. *State Park Comm.* (243 N. Y. 15).

In *Wright* v. *Shanahan* (*supra*), a judgment was granted which enjoined the defendant, as the then Superintendent of Public Works of the State of New York, from keeping flush boards upon the crest of a State-owned dam in times of high water and thereby flooding lands of the plaintiff. The wrong thus redressed was held by this court to be a breach by the defendant of a ministerial duty which the State had imposed upon him as a public officer. (Cf. *Houston* v. *Ormes*, 252 U. S. 469, 472–473; *Mine Safety Co.* v. *Forrestal*, 326 U. S. 371, 374.) No relief, however, was granted against the defendant individually, though demand therefor had been made. Hence the decision in *Wright* v. *Shanahan* (*supra*) — whatever its utmost extent may have been — is certainly no precedent for the liability here sought to be fastened upon the present defendant, Sells, as an individual.

In *Pauchogue Land Corp.* v. *State Park Comm.* (*supra*), the defendant commissioners, claiming to act in their official capacity, had unwarrantably seized real property of the plaintiff and had commenced a destruction thereof. Such a fact situation, as viewed by this court, did not constitute a cause of action against either the State Park Commission or its members as such. '' As against them [we said] the suit is against the State itself and cannot be maintained '' (243 N. Y. at p. 28). None the less for that, however, this court in the *Pauchogue Land Corp.* case granted an injunction, not against the defendant commissioners *qua* commissioners, but against them as individuals, to restrain further waste of the lands which they had unjustifiably expropriated (243 N. Y. at p. 28). For such personal misconduct, a public ·officer is responsible in his individual character. (See *Ottmann* v. *Village*

*of Rockville Centre,* 275 N. Y. 270; *Litchfield* v. *Bond,* 186 N. Y. 66.)

But no offense of that kind is here imputed to the defendant Sells (cf. *Gould* v. *Booth,* 66 N. Y. 62; *Mine Safety Co.* v. *Forrestal,* 326 U. S. 371, *supra*). Nor does the present plaintiff demand a judgment which would merely require of Sells a ceasing of some sort of active wrongdoing on his part. (Cf. *Niagara Falls Power Co.* v. *White,* 292 N. Y. 472, 478.) On the contrary, the judgment here demanded would command him as an individual to take upon himself a substantial rebuilding of one of the public highways of the State. We have been unable to find any warrant for so extreme a decree. Indeed the relevant statute plainly precludes the idea of interference by any individual with the essential governmental control of the form and mode of construction of our State highways (Highway Law, art. II, *passim*). As against the defendant Sells, then, the present complaint — as we believe — does not state facts sufficient to constitute a cause of action.

The order of the Appellate Division should be reversed and that of Special Term affirmed, with costs to the defendant-appellant in this court and in the Appellate Division. The question certified should be answered in the affirmative.

LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Ordered accordingly.