Desmond, J. (dissenting).
Defendants are a New York State Legislative Committee authorized to investigate the operations of the State departments, and the committee’s counsel, all defendants being sued individually and as officials. Plaintiff Cosentino is a lawyer and according to the complaint was acting as lawyer for coplaintiff during an interview with the latter with no one else present in the counsel room of the Westchester County Jail. According to the pleading, the defendant committee has announced that it has, somehow or other, gotten a recording of that supposedly secret and sacredly confidential lawyer-client conversation and intends to make it public. Plaintiffs bring this suit for an injunction against such disclosure. Special Term denied a motion to dismiss the complaint and granted a temporary injunction. The Appellate Division, although it characterized the recording of an attorney-client interview as “ a gross and inexcusable violation ”, found itself powerless to interfere, and reversed the temporary injunction and dismissed the complaint. Since a temporary injunction grant or denial is not appealable or reviewable here, the only question before us is as to the sufficiency of the complaint to state grounds for relief against this threatened wrong.
Under familiar rules, the allegations of the complaint must at this stage be taken as true. Under equally familiar rules, *101 the complaint must be held sufficient if, liberally construed, it states in some recognizable form a cause of action known to the law (Howard Stores Corp. v. Pope, 1 N Y 2d 110, 114, and cases cited). We must keep in mind that at this point in this court plaintiffs, alleging that they are about to be injured irreparably and that they have no protection except an injunction, are asking us for no more than a trial. To accept as true their pleading of what is admittedly a gross wrong and then to turn them away without even a trial is confession by this court of futility and impotence.
On the argument before us the committee’s counsel agreed that the secret interception of a confidential exchange between lawyer and client is “ repulsive and repugnant” but that the committee nevertheless intends to make public this transcript. Counsel told us in open court that the secret “ bugging ” of the jail room was done by officials of Westchester County, a subdivision of the State. We are, therefore, officially informed that both the eavesdropping and the threatened divulgence are by agencies of the State of New York. It is argued, however, that the lawyer-client privilege extends to testimonial compulsion only and in any event does not bar third persons from disclosing what they have overheard (Civ. Prac. Act, § 353; see Richardson on Evidence [8th ed.], § 438). If we had here no more than a question of admission or exclusion of evidence, we might reluctantly say that the eavesdropped material could be testified to by its possessor. But such an approach misses the main point entirely. What plaintiffs are complaining of is a threatened violation of their fundamental constitutional right. A way should be found to raise a judicial bar against such a wrong.
Scrupulously we eschew interference with the functioning of the Legislature. This court will not enjoin legislative action as such regardless of judicial views as to its legality. But the protection of a citizen’s constitutional rights is a court function and no public official or body is beyond the reach of that judicial power (Youngstown Co. v. Sawyer, 343 U. S. 579). If the President of the United States can be stayed by the courts from seizing the steel mills during a national emergency, a New York State Legislative Committee can be enjoined from a gross violation of a citizen’s personal rights, no less valuable, certainly, than Youngstown’s property. Years ago this court *102 rejected an assertion by the Attorney-General that “ the exercise of a discretion reposed in him as an executive official by the Legislature cannot be supervised or controlled by the courts ” (Carlisle v. Bennett, 268 N. Y. 212, 217). In rejecting that claim of unbridled power this court said that ‘' there are limits to the power of the Legislature ” and that it “ could not confer upon an executive an arbitrary and unbridled discretion as to the scope of his investigation ”. No more could it make such a conferral on this defendant committee.
There is another compelling reason for asserting judicial power here. Our traditional system of trial and appeal in criminal cases simply cannot be operated unless lawyer-client interviews in jails and prisons have absolute privacy. Persons accused of crimes and not bailed (see Code Crim. Pro., § 552) or accused of parole violations (Correction Law, §§ 216-218) cannot consult counsel anywhere except in jails and prisons. Such consultation under appropriate conditions (see People v. McLaughlin, 291 N. Y. 480) is essential to the protection not only of defendants but of the institution of public justice. Eavesdropping and disclosure will destroy the institution itself.
The individual defendants are sued as State officers and individually. Regardless of whether the State or the Legislature or the committee as entities could be enjoined here, there is ample precedent for an injunction against the legislators and their counsel, as such individuals (Pauchogue Land Corp. v. Long Is. State Park Comm., 243 N. Y. 15; Niagara Falls Power Co. v. White, 292 N. Y. 472, 478; Erie R. R. Co. v. Sells, 298 N. Y. 58, 61). No men, whatever their offices, can escape individual responsibility for acts done without power or right.
That the citizen’s right to counsel is fundamental and that it includes private consultation with an attorney of his choice is settled beyond cavil in this court (People v. McLaughlin, 291 N. Y. 480, supra; Matter of Fusco v. Moses, 304 N. Y. 424; People v. Cooper, 307 N. Y. 253, 259). According to this complaint and by concession of defendants, that right has been violated here. What measure of damage its further violation will do to plaintiffs we cannot know without a trial. We do know from the complaint that plaintiff Lanza is charged with being a parole violator. We cannot speculate as to what prejudice may befall him from the publication of his confidential talks with his lawyer. If the facts are as they appear from *103 the complaint, such a publication will be grievously wrong. The courts should do their duty by holding a trial and by granting such relief, interim and permanent, as mAy be appropriate.
The only proper and legal purpose of legislative investigations is to gather facts in aid of future legislation. If there is anything in this eavesdropped conversation which can aid the Legislature in performing its legislative functions the members of this committee, having already read this transcript, can form conclusions and transmit them to the Legislature. It is difficult to see how any proper legislative purpose can be served by broadcasting this confidential material.
The judgment should be reversed, with costs, and the motion to dismiss the complaint denied.