NEW YORK STATE THRUWAY AUTHORITY, Respondent, *v.* T. NORMAN HURD, as Director of the Budget of the State of New York, Appellant.

Third Department, January 22, 1968.

*Louis J. Lefkowitz, Attorney-General (Julius L. Sackman* and *Ruth Kessler Toch* of counsel), for appellant.

*Hawkins, Delafield & Wood (Clarence Fried* of counsel), for respondent.

REYNOLDS, J. This is an appeal by the Director of the Budget of the State of New York from an order of the Supreme Court, Albany County, denying his motion to dismiss the complaint of the respondent, New York State Thruway Authority.

Respondent brought the action here involved seeking a declaratory judgment as to the legality of interest charges sought to be imposed upon it by the appellant pursuant to certain repayment agreements. Respondent asserts that appellant's insistence upon the payment of interest contravenes subdivision 2 of section 357 of the Public Authorities Law and, accordingly, is in excess of appellant's authority and power. The instant motion, however, deals not with the merits of this issue but solely with the question of respondent's legal capacity to institute such an action. Appellant asserts that the action cannot be maintained because the Supreme Court has no jurisdiction of the subject matter of the action and because, in any event, respondent has no legal capacity to sue the appellant. We cannot agree with these contentions because the instant proceeding is not brought against the State or an agency of the State but against appellant, a public official, as an individual in his personal capacity, alleged to be acting in excess of his authority. Clearly an action brought against a public official in his official status is a claim, in fact, against the State and cannot therefore be maintained without the State's consent (*Psaty* v. *Duryea,* 306 N. Y. 413; *Breen* v. *Mortgage Comm. of State of N. Y.,* 285 N. Y. 425, 429–430). It is equally clear, however, that a suit is maintainable without consent of the State against a public official as a private person to assert that he is acting in excess of his statutory authority (*Erie R. R. Co.* v. *Sells,* 298 N. Y. 58, 61–62; *Breen* v. *Mortgage Comm. of State of N. Y., supra,* p. 429; *Pauchogue Land Corp.* v. *State Park Comm.,* 243 N. Y. 15, 24, 28; *City of Mount Vernon* v. *East Hudson Parkway Auth.,* 45 Misc 2d 471, affd. 23 A D 2d 849, mot. for lv. to app. den. 16 N Y 2d 483; see 49 Am. Jur., States, Territories and Dependencies, § 94). Concededly, whether a given suit is against the State or an individual defendant is not determined solely

by the parties named but instead depends also on the nature of the litigation, the relief sought, and the way in which it affects the State (*Glassman* v. *Glassman*, 309 N. Y. 436, 443). However, looking at the present case it is abundantly evident that the claim asserted in the complaint is that appellant's attempt to obtain interest is in excess of existing statutory authority and the relief sought is a declaration that appellant seeks to act in excess of such authority. Accordingly, the action is maintainable and the order appealed from must be affirmed.

The order should be affirmed, with costs.

GIBSON, P. J., HERLIHY, STALEY, JR., and GABRIELLI, JJ., concur.

Order affirmed, with costs.