CONTRIBUTORS TO THE PENNSYLVANIA HOSPITAL *v.* CITY OF PHILADELPHIA ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

No. 349.   Argued October 16, 1917.—Decided November 5, 1917.

So vital a governmental power as the power, upon just compensation, to take private property for public use, cannot be divested through contracts made by the State. Such contracts are not within the protection of the contract clause of the Constitution.

Proceedings taken by a city to condemn land for a street through the grounds of a charitable corporation were resisted, in reliance on an act by which for valuable considerations the legislature had prohibited such takings without the corporation's consent. The city undertook to condemn not only the land but also the right under the contract. *Held,* that the contract could not be successfully opposed to the power of condemnation; and this quite apart from the attempt to condemn the contract right itself, since, if the contract exemption were otherwise valid, its defeat by such a method would be a mere evasion.

Without departing from the settled rule that a writ of error will be dismissed if its total want of merit is shown conclusively by decisions of this court extant at time of decision below, in this case the course and resulting aspect of the proceedings below warrant a decree of affirmance.

254 Pa. St. 392, affirmed.

THE case is stated in the opinion.

*Mr. Owen J. Roberts,* with whom *Mr. Charles Biddle* and *Mr. J. Rodman Paul* were on the brief, for plaintiff in error.

*Mr. John P. Connelly* and *Mr. Ernest Lowengrund,* with whom *Mr. Joseph G. Magee* was on the brief, for defendants in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Whether contract obligations were impaired in violation of rights of the plaintiff in error protected by the Constitution of the United States as the result of the decision below, is the sole question we are called upon to decide on this record. It thus arises:

The plaintiff in error, a charitable institution, was organized under the laws of Pennsylvania and in 1841 it established on a tract of land in the City of Philadelphia a hospital for the care and cure of the insane. Solicitous lest the opening of streets, lanes and alleys through its grounds might injuriously affect the performance of its work, in 1854 a committee of the managers of the hospital memorialized the legislature on that subject and this resulted in the passage of a law specially forbidding the opening of any street or alley through the grounds in question without the consent of the hospital authorities. The act was conditioned upon the hospital making certain payments and furnishing ground for a designated public street or streets and these terms were accepted by the hospital and complied with. In 1913 the city, within the authority conferred upon it by the State, took the necessary preliminary steps to acquire by eminent domain land for the opening of a street through the hospital

grounds and to prevent the accomplishment of this result the present suit was begun by the hospital to protect its right of property and its alleged contract under the Act of 1854. As the result of proceedings in the state court the purpose of the city was so shaped as to cause it to seek to take under the right of eminent domain not only the land desired for the street, but the rights under the contract of 1854, and there was a judgment against the hospital and in favor of the city in the trial court which was affirmed by the Supreme Court by the judgment which is under review on this writ of error. 254 Pa. St. 392.

The conclusions of the court were sustained in a *per curiam* opinion pointing out that there was no question involved of impairing the contract contained in the Act of 1854 since the express purpose of the city was to exert the power of eminent domain not only as to the land proposed to be taken, but as to the contract itself. The right to do both was upheld on the ground that the power of eminent domain was so inherently governmental in character and so essential for the public welfare that it was not susceptible of being abridged by agreement and therefore the action of the city in exerting that power was not repugnant either to the state constitution or to the contract clause of the Constitution of the United States.

It is apparent that the fundamental question, therefore, is, did the Constitution of the United States prevent the exertion of the right of eminent domain to provide for the street in question because of the binding effect of the contract previously made excluding the right to open the street through the land without the consent of the hospital. We say this is the question since if the possibility were to be conceded that power existed to restrain by contract the further exercise by government of its right to exert eminent domain, it would be unthinkable that the existence of such right of contract could be ren-

dered unavailing by directing proceedings in eminent domain against the contract, for this would be a mere evasion of the assumed power. On the other hand, if there can be no right to restrain by contract the power of eminent domain, it must also of necessity follow that any contract by which it was sought to accomplish that result would be inefficacious for want of power. And these considerations bring us to weigh and decide the real and ultimate question, that is, the right to take the property by eminent domain, which embraces within itself, as the part is contained in the whole, any supposed right of contract limiting or restraining that authority. We are of opinion that the conclusions of the court below. in so far as they dealt with the contract clause of the Constitution of the United States were clearly not repugnant to such clause. There can be now, in view of the many decisions of this court on the subject, no room for challenging the general proposition that the States cannot by virtue of the contract clause be held to have divested themselves by contract of the right to exert their governmental authority in matters which from their very nature so concern that authority that to restrain its exercise by contract would be a renunciation of power to legislate for the preservation of society or to secure the performance of essential governmental duties. *Beer Company* v. *Massachusetts,* 97 U. S. 25; *Stone* v. *Mississippi,* 101 U. S. 814; *Butchers' Union Co.* v. *Crescent City Co.,* 111 U. S. 746; *Douglas* v. *Kentucky,* 168 U. S. 488; *Manigault* v. *Springs,* 199 U. S. 473; *Texas & New Orleans R. R. Co.* v. *Miller,* 221 U. S. 408. And it is unnecessary to analyze the decided cases for the purpose of fixing the criteria by which it is to be determined in a given case whether a power exerted is so governmental in character as not to be subject to be restrained by the contract clause, since it is equally true that the previous decisions of this court leave no doubt that the right of government to exercise its

power of eminent domain upon just compensation for a public purpose comes within this general doctrine. *Charles River Bridge* v. *Warren Bridge,* 11 Pet. 420; *West River Bridge Co.* v. *Dix,* 6 How. 507; *New Orleans Gas Co.* v. *Louisiana Light Co.,* 115 U. S. 650; *Long Island Water Supply Co.* v. *Brooklyn,* 166 U. S. 685; *Offield* v. *New York, New Haven & Hartford R. R. Co.,* 203 U. S. 372; *Cincinnati* v. *Louisville & Nashville R. R. Co.,* 223 U. S. 390.

The principle then upon which the contention under the Constitution rests having been, at the time the case was decided below, conclusively settled to be absolutely devoid of merit, it follows that a dismissal 'for want of jurisdiction might be directed. *Equitable Life Assurance Society* v. *Brown,* 187 U. S. 308, 314; *Consolidated Turnpike Co.* v. *Norfolk &e. Ry. Co.,* 228 U. S. 596, 600; *Manhattan Life Insurance Co.* v. *Cohen,* 234 U. S. 123, 137. In view, however, of the course of the proceedings below and the aspect which the case took as resulting from those proceedings, without departing from the rule settled by the cases referred to, we think our decree may well be one, not of dismissal, but of affirmance.

*Affirmed.*