## TUESBURG LAND COMPANY ET AL. *v.* STATE OF INDIANA.

[No. 10,809. Filed June 23, 1921. Rehearing denied October 14, 1921. Petition to transfer dismissed June 2, 1922.]

1. NAVIGABLE WATERS.— *Riparian Rights.*— There can be no riparian rights unless the land involved borders on a body of water. p. 330.

2. BOUNDARIES.— *Conveyance of Swamp Lands Abutting on Meander Lines of River.—Extent of Conveyance.*—Where the plat of the government survey showed a river which actually existed, and the government conveyed to the state the land abutting on the meander lines of such stream under the Swamp Land Act (U. S. Comp. St. §§4958-4960), the state's title extended to the river, though the river probably did not extend to the meander lines. p. 330.

3. QUIETING TITLE.—*Claim of Ownership.—Failure to File Disclaimer.—Inferences.*—In an action to quiet title, where defendants, instead of filing a disclaimer as they might have done, filed a general denial and other paragraphs of answer under which they defended through three trials, and two appeals, the trial court was warranted in inferring that they were claiming some interest in the land involved. p. 331.

4. APPEAL.—*Briefs.—Questions Presented.—Striking Out Cross-Complaint.*—No question is presented for review on appeal as to the court's action in striking out a cross-complaint, where neither the cross-complaint nor its substance is set out in appellants' brief. p. 331.

5. QUIETING TITLE. — *Cross-Complaint Based on Occupying Claimant Act.—Striking Out.*—In an action to quiet title, a cross-complaint by defendants based on the Occupying Claimant Act (§1121 *et seq.* Burns 1914, §1074 *et seq.* R. S. 1881) *held* prematurely filed and properly stricken out. p. 331.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by the State of Indiana against the Tuesburg Land Company and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Grant Crumpacker, Owen L. Crumpacker, Lemuel Darrow, Earl Rowley* and *Will R. Wood,* for appellants.

*U. S. Lesh,* Attorney-General, *James E. McCullough* and *Edward M. White,* for appellee.

NICHOLS, P. J.—Action by appellee against appellants to quiet title to certain lands in Starke and Laporte counties, Indiana, along the Kankakee river, which lands are commonly known as "meandered lands." At a former trial, the issues were decided against appellee, and after obtaining a new trial as of right, the judgment was a second time against˙appellee. From this judgment an appeal was prosecuted to the Appellate Court, and the judgment of the trial court was reversed. See *State* v. *Tuesburg Land Co.* (1915), 61 Ind. App. 555, 109 N. E. 530, 111 N. E. 342. The opinion is long, covering about forty-seven pages of the official report, and fully states the facts there and here involved, and we do not need to repeat them. After the cause was remanded, it was tried by a jury, and at the close of the evidence, the trial court directed the jury to return a verdict for appellee. From the judgment on the verdict this appeal is prosecuted.

Upon the substantial question involved, the decision in the former appeal is against appellants, and it is conceded, appellant so stating in oral argument, that if the law as announced in that appeal stands as the law of the case, appellants' rights for which they here contend are precluded, and they must fail in this appeal. It is their claim that what passed from the United States to the state under the Swamp Land Act, and under patents made pursuant thereto is a Federal question; that the decisions of the United States Supreme Court are binding and controlling on this court, and that since the prior decision in this case, the Supreme Court of the United States, in *Wilson & Co.* v. *United States* (1917), 245 U. S. 21, 38 Sup. Ct. 21, 62 L. Ed. 128, has decided the question involved adversely to appellee, and that therefore the decision in the former appeal can no longer be considered, and is not· the law of this case. Much of appellants' brief is occupied in a discussion and

criticism of the former opinion, and in presenting the law as appellants contend that it should be, regardless of that decision. But, as we view the case, we do not need to review that decision nor appellants' discussion and criticism of it, nor do we need to consider appellants' view of the law except as to the controlling force of the subsequent Federal decision aforesaid. Many authorities are collated in 1 Indiana Digest, Appeal, §1097, on the rule of Law of the Case, and we do not need to cite them here.

The case of *Wilson & Co.* v. *United States, supra,* upon which appellants rely, concerned a tract of swamp land in the State of Arkansas. The survey of a township by mistake or fraud showed a body of water excluded therefrom by a meander line, thereby diminishing the acreage surveyed and the area of the surveyed land within the exterior boundaries of the township, when in fact there was no lake within such meander line. Thereafter the State of Arkansas selected said township under the grant to it of swamp lands by the Swamp Land Act of 1850, stating the acreage conformably to the reduction so made by the meander line. The selection was confirmed by congress, and a patent issued for said township described as containing a specified number of acres substantially conforming to the reduction brought about by excluding the area within the meander line. It was held that though the land within the meander line, the imaginary body of water, was within the exterior boundaries of the township, and was eligible to be selected under the Swamp Land Act, it did not pass under the grant to the state, as the meander line excluded it absolutely from the township, and its nature and character depended, not upon the exterior lines of the township, but upon the condition existing within those lines. In reaching its decision, the Supreme Court states two legal

propositions which, as it says, are indisputable. These propositions are quoted in appellants' brief, and are as follows:

"First. Where in a survey of the public domain a body of water or lake is found to exist and is meandered, the result of such meander is to exclude the area from the survey and to cause it as thus separated to become subject to the riparian rights of the respective owners abutting on the meander line in accordance with the laws of the several states.

"Second. But where upon the assumption of the existence of a body of water or lake a meander line is through fraud or error mistakenly run because there is no such body of water, riparian rights do not attach because in the nature of things the condition upon which they depend does not exist and upon the discovery of the mistakes it is within the power of the Land Department of the United States to deal with the area which was excluded from the survey, to cause it to be surveyed and to lawfully dispose of it."

There can be no riparian rights unless the land involved borders on a body of water, as a stream or a lake. The meander line in the federal case called for a body of water as a monument, but by mistake, or fraud, no body of water was there. Within the meander line it was land, not water, and the lands surveyed to the meander line could not be extended to and into the lake which was not there, and the owners of lands abutting on the meander line could not become riparian owners with rights to the land to and under a body of water. Clearly, that case was controlled by the second proposition. But here the monument for which the meander line called was an actual body of water, the Kankakee river. The plat shows the river, and the river is there, probably not as wide now as at the time the plat was made, though as to this we are not in-

formed.   It is probable that the stream did not extend
to the meander lines, but it was there as a monument
to which the lands abutting on the meander lines could
be extended, and it is reasonable that the parties so in-
tended at the time.   The case of *Tolleston Club* v. *Car-
son* (1916), as first decided, and published in 114 N. E.
629, even if it had not been superseded by an opinion
on rehearing, is not helpful to appellants, for there it
was held that the meander line had as its monument
an "impassable morass," which was not a lake, a stream,
or any kind of a body of water.   In the opinion on re-
hearing, reported in 188 Ind. 642, 123 N. E. 169, it was
assumed that the state took title to the land in con-
troversy.   Favorable mention is there made of the
decision of this case on the former appeal, there having
been a petition to transfer which was denied.

We are not impressed with appellants' contention that
appellee failed to show that appellants were claiming
any interest in the land involved.   The record
3.   shows that appellants, instead of filing a dis-
claimer as they might have done and thereby re-
lieved themselves of all costs, filed a general denial and
other paragraphs of answer under which they have de-
fended through three trials, and two appeals.   The trial
court reasonably inferred that they were claiming some
interest, and we are of the opinion that it was justified
in the inference.

No question is presented by the court's action in strik-
ing out the cross-complaint as it or its substance is not
in the brief.   We learn from the briefs that it
4, 5.   was based on the Occupying Claimant Act, (§1121
*et seq.* Burns 1914, §1074 *et seq.* R. S. 1881), so
that if it were before us it was prematurely filed, and
was therefore properly stricken out.

We hold that the decision of this court in the former

appeal is the law of this case, and that no new question presents reversible error.

The judgment is affirmed.