G-eoege M. Fanblli, J.
This action for a declaratory judgment and permanent injunction is unusual and interesting and presents the following factual situation:
Plaintiff, The Society of the New York Hospital, a charitable corporation, owns, operates and maintains a hospital in the city of White Plains, New York, which occupies a part of the area lying between Mamaroneck Avenue, Bloomingdale Boad, Westchester Avenue, North Street, the St. Agnes Home, land now or formerly of Daniel Maloney and the Burke Foundation.
In 1927 the Legislature of the State of New York enacted a special statute (L. 1927, ch. 659) which, inter alia, provides that “ No street or avenue or road shall hereafter be laid out or opened through or upon any lands [above described] * * * and none of said land shall be taken for any use whenever and so long as the same shall be owned or occupied for hospital purposes by The Society of The New York Hospital, provided, however, that the said The Society of The New York Hospital shall dedicate, without claim or award for damages, for street purposes ” three separate parcels of land specifically described in said enactment and, in addition, provide $150,000 for the paving and regulating of the street described in the first two of the said three parcels. Simultaneously therewith, a companion statute was enacted (L. 1927, ch. 653) which amended the City Charter of the City of White Plains and provided that “ It shall be unlawful to open any streets through the grounds belonging to The Society of The New York Hospital now occupied by Bloomingdale Hospital as long as the same is owned or occupied for hospital purposes ”.
Thereafter, ■ and in accordance with the provisions of said legislative enactment, plaintiff executed and delivered to the City of White Plains a deed of the said three parcels of property and also paid over to said city the sum of $150,000 for the said regulating and paving of the streets.
Now, 30 years after the enactment of said statutes, the State of New York, through the defendant, its Superintendent of Public Works, is in the process of constructing an interstate route connecting the New England Thruway and the New York State Thruway. Defendant deems it necessary pursuant to *75 sections 30, 340-a and 340-b of the Highway Law of the State of New York, to appropriate by eminent domain a narrow strip of vacant land along North Street (approximately one acre) belonging to plaintiff for said highway purposes and he has to a certain extent commenced to perform certain demolition and construction work thereon, including the razing of trees, the demolition of fences and the digging and tearing up of plaintiff’s property. It is conceded by all parties that said strip of land is owned and occupied by plaintiff for hospital purposes and is embraced in the land referred to by the Legislature in chapters 653 and 659 of the Laws of 1927 and that the proposed appropriation of the aforesaid strip of land will in no way interfere with the operation of plaintiff’s hospital proper.
Plaintiff now brings this action for a declaratory judgment that none of its lands and premises afore-mentioned may be appropriated by defendant, Superintendent of Public Works, under the authority vested in him by said Highway Law so long as the property is occupied by plaintiff for hospital purposes and for a permanent injunction restraining defendant from exercising or attempting to exercise with respect to plaintiff’s property any of the powers delegated to him by said Highway Law so long as said property is occupied by plaintiff for hospital purposes. In opposing the instant motion for an injunction pendente lite, defendant cross-moves to dismiss the complaint for legal insufficiency (Rules Civ. Prac., rule 106, subd. 4).
Defendant, while recognizing the enactment of the said special statute (L. 1927, ch. 659), nevertheless meets this attack by taking the position that his conduct is likewise authorized by the Legislature of the State of New York by the power vested in him by the said provisions of the Highway Law and that the sovereign right of eminent domain may not be abridged, surrendered or alienated by a special act of the Legislature. In short, he challenges the validity of both statutes (L. 1927, chs. 653, 659), and urges that one Legislature cannot tie the hands of its successor or restrain their power to authorize the taking of property for public use when public necessity requires it and, thus, prevent the exercise of one of the vital functions allotted to the Legislature by the Constitution.
Plaintiff, on the other hand, is deeply concerned. It points out, among other things, that if the provisions of said chapter 659 of the Laws of 1927 are held to be invalid, then a whole series of special statutes, from which it was patterned, will likewise be invalidated and that the result thereof may be *76 catastrophic in nature. Specifically, the court is referred to chapter 230 of the Laws of 1892 (referring to Columbia College); chapter 606 of the Laws of 1915 (amdg. Greater New York Charter, § 997, referring to Fordham and New York Universities); and section 199b-3.0 of the Administrative Code of the City of New York (referring to Fordham, New York and Columbia Universities). Plaintiff expresses doubt that the Legislature ever intended by the afore-mentioned sections of the Highway Law dealing with the acquisition by the State of property required for the construction of State and interstate highways to override and repeal said special statutes without some specific reference thereto, despite the language of subdivision 3 of section 340-b of the Highway Law (added by L. 1956, ch. 651, eff. April 15, 1956) to wit: “Notwithstanding any inconsistent provisions of this chapter or any other law, general or special, any and all property which the superintendent of public works deems necessary for the construction, reconstruction and maintenance of interstate highways and bridges thereon shall be acquired pursuant to the provisions of any section or sections of this chapter applicable to the acquisition of land or rights and interests therein, and for the settlement of claims for damage resulting from the work of constructing, reconstructing and maintaining such interstate highways ” (emphasis supplied).
While it concedes that chapter 659 of the Laws of 1927 is not a complete bar to the taking of any of its land so long as the same is used for hospital purposes, nevertheless, it urges that as a condition precedent thereto, the Legislature must first repeal said statute and that since the Legislature has seen fit to permit this statute to remain in existence, the defendant should be barred from appropriating any of its lands at this time. The court does not agree with this contention.
In the resolution of this question, the court is not called upon to decide whether a special statute takes precedence over the provisions of a general statute such as the Highway Law, nor is it required to find with any degree of finality whether or not the Legislature by the “ Notwithstanding ” clause in section 340-b of the Highway Law, effective April 15, 1956, expressly or impliedly intended to repeal chapter 659 of the Laws of 1927, or whether it intended to break its contracts with various persons by way of prior statutory enactments that their lands would not be taken, or that it was then aware of the existing statutes with respect to the lands of plaintiff or other institutions alleged to be similarly situated or intended to affect the validity of such statutes. Likewise, the court is not now con *77 cerned as to the extent of damages which the State may be required to pay plaintiff not only for the land to be appropriated but also for the value of its contract rights represented by the statute of 1927 exempting its property from a taking by eminent domain. Instead the court’s attention is directed to the prime question whether a State’s power of eminent domain is so inherently governmental in character and so essential for the public welfare that it is not susceptible of being abridged or surrendered by agreement and that the action of the State in exerting that power is not repugnant either to the State Constitution or to the contract clause of the Constitution of the United States. It is the court’s opinion that a reading of the decisional law on this subject leads to the inescapable conclusion that the State not only does have such power, but also that it cannot be precluded, by virtue of its contract previously made excluding the right to take any of plaintiff’s lands, from now exerting its right of eminent domain. Even conceding that the 1927 statute became a contract on the part of the State with plaintiff hospital, it must still yield to the demand of the sovereign and one Legislature cannot grant away the State’s right of eminent domain so as to bind future Legislatures. In so doing, a State does not impair its obligation, for it makes compensation therefor to the party from whom its enjoyment is taken and such exertion of power neither challenges its validity nor impairs its obligation. It is a taking, not an impairment of its obligation, and if compensation be made, no constitutional right is violated. Thus, it is axiomatic that every contract, whether between the State and an individual or between individuals only, is subject to the afore-mentioned principles of law. There is implicit in every such contract the unwritten condition that it is subordinate to the right of appropriation to a public use.
The power of eminent domain and its limitations can be best expressed by adopting the language of the Court of Appeals in People v. Adirondack Ry. Co. (160 N. Y. 225, 236-237, affd. sub. nom, Adirondack Ry. Co. v. New York State, 176 U. S. 335) as follows: ‘ ‘ The power of taxation, the police power and the power of eminent domain, underlie the Constitution and rest upon necessity, because there can be no effective government without them. They are not conferred by the Constitution, but exist because the state exists, and they are essential to its existence. They are not rights reserved, but rights inherent in the state as sovereign. While they may be limited and regulated by the Constitution, they exist independently of it as a necessary attribute of sovereignty. They belong to the state because *78 it is sovereign, and they are a necessity of government. The state cannot surrender them, because it cannot surrender a sovereign power. It cannot be a state without them. They are as enduring and indestructible as the state itself. (Black Cons. Laws, § 123; Cooley, Const. Lim. 524; Eminent Domain by Randolph, 77; Lewis, § 3; Mills, § 11.) Each is a peculiar power, wholly independent of the others, and not one of them requires the intervention of a court for effective action by the state. In the case of eminent domain, when the state is not itself an actor, compensation for property taken, unless the .amount is agreed upon, can be ascertained only through the aid of a court, but otherwise judicial action is unnecessary except as provided by statute. (State Const. art. 1, § 7.) ” (Emphasis supplied: see, also, Zember v. State of New York, 5 Misc 2d 216, 218; Stuyvesant Housing Corp. v. Stuyvesant Town Corp., 183 Misc. 662; Matter of Niagara, Lockport & Ontario Power Co., 125 Misc. 269; Matter of Gardiners Ave., Levittown, 136 N. Y. S. 2d 166, 169; 29 C. J. S., Eminent Domain, § 4.)
The court’s determination herein is buttressed by the decision in Pennsylvania Hosp. v. City of Philadelphia (245 U. S. 20) where the facts are almost similar to those in the case at bar, the plaintiff in error, a charitable institution, was organized under the Laws of Pennsylvania and in 1841 it established on a tract of land in the city of Philadelphia a hospital for the care and cure of the insane. Solicitous lest the opening of streets, lanes and alleys through its ground might injuriously affect the performance of the work, in 1854, a committee of the managers of the hospital memorialized the Legislature on that subject and this resulted in the passage of a law specially forbidding the opening of any street or alley through the grounds in question without the consent of the hospital authorities. The act was similarly conditioned upon the hospital making certain payments and furnishing ground for a designated public street or streets and these terms were likewise accepted by the hospital and complied with. In 1913, about 60 years later, the City of Philadelphia, within the authority conferred upon it by the State, took the necessary preliminary steps to acquire by eminent domain land for the opening of a street through the hospital grounds and a suit was begun by the hospital by way of injunction to restrain the city from opening a street through its grounds upon the claim that such conduct would violate the act of 1854. Judgment was rendered against the hospital and the complaint was dismissed. (Pennsylvania Hosp. v. City of Philadelphia, 254 Pa. St. 392.) The Supreme Court of Pennsylvania upheld the right of the city to exert the power of *79 eminent domain despite the previous special statute and the Supreme Court of the United States (245 U. S. 20, 23-24) in affirming said: “ There can be now, in view of the many decisions of this court on the subject, no room for challenging the general proposition that the States cannot by virture of the contract clause be held to have divested themselves by contract of the right to exert their governmental authority in matters which from their very nature so concern that authority that to restrain its exercise by contract would be a renunciation of power to legislate for the preservation of society or to secure the performance of essential governmental duties. * # * the right of government to exercise its power of eminent domain upon just compensation for a public purpose comes within this general doctrine.”
As stated in Lewis on Eminent Domain (3rd ed., Vol. 1, § 3, p. 7): “ The correct view is that the power of eminent domain is not a reversed, but an inherent right, a right which pertains to sovereignty as a necessary, constant and inextinguishable attribute.” (The context indicates that the word “ reversed ” was intended to be “reserved”.) “ The sovereign power to take private property for public use cannot be surrendered, alienated, or contracted away, since it is essential to the public welfare and a sovereign power cannot be surrendered; the legislature or a municipality cannot bind itself or its successors ■not to exercise the power when public necessity and convenience require such exercise. If there is an attempt to contract away the power, it may be resumed at will. Likewise the power cannot be impaired ” (29 C. J. S., Eminent Domain, § 4, p 782).
The court recognizes and appreciates the persuasiveness and weight of plaintiff’s contention that even though said section 340-b of the Highway Law, effective April 15, 1956, does contain the “Notwithstanding” clause, nevertheless, there is nothing to indicate that the Legislature by the enactment of said section of the Highway Law ever considered the basically important question whether the public need for highways required that the exceptions contractually granted plaintiff by the 1927 statute be nullified, and that such clauses are usually stock phrases in situations where a State agency is anxious to proceed with all possible speed. For this reason, the court deems it appropriate to make the following observation although it is constrained to disagree with plaintiff in this regard.
While it is true that here there is no express repeal of the 1927 statute by name, nevertheless, the court is of the view that for the purpose of the determination to be made herein, there has at least been a repeal of said statute by strong implication. *80 It has been held that an implied repeal is one which takes place when a new law contains provisions which are contrary to, but do not expressly repeal, those of a former law. True, the repeal of statutes by implication is not favored and courts are slow to hold that one statute has repealed another by implication unless a legislative intent to repeal or supersede the ¡statute plainly and clearly appears. Yet, it will be presumed that the Legislature, in enacting a statute, acted with full knowledge of existing statutes relating to the same subject and where two legislative acts are repugnant to or in conflict with, each other, the last one passed, being the latest expression of the legislative will, will even in the absence of a repealing clause, govern, control or prevail, so as to supersede and impliedly repeal the earlier act to the extent of the repugnancy. (82 C. J. S., Statutes, § 286 et seq; see, also, People ex rel. Bronx Parkway Comm. v. Common Council, 229 N. Y. 1, 8.)
The language of the Appellate Division, in Gerry v. Vogler (252 App. Div. 217, 219-220) is relevant: “We realize that repeal of a statute by implication is not favored. We are also mindful of the rule asserted by defendant that a special law governing a particular subject is not ordinarily repealed by a subsequent statute which is general in character. To the latter rule there is, however, a well-established exception, viz., that a subsequent general statute will repeal a prior special law relating to the same subject where inconsistency exists and the Legislature’s intent to effect such a repeal is manifest. ‘ “ A general statute will repeal special or local acts without naming them, where they are inconsistent with it, and where it can be seen from the whole enactment that it was the intention of the Legislature to sweep away all local peculiarities thus sanctioned by special acts, and to establish one uniform system.” * * * “ There is no rule of law which prohibits the repeal of a special ■act by a general one, nor is there any principle forbidding such ■repeal without the use of words declarative of that intent. The question is always one of intention, and the purpose of abrogating a particular enactment by a later general statute is sufficiently manifested when the provisions cannot stand together.” ’ ” (Citing many authorities.)
In the case at bar, it is obvious that the 1927 statute (L. 1927, ch. 659) under the present factual situation cannot coexist with section 30 of the Highway Law, which deals with the acquisition by the State of property acquired for the construction and reconstruction of State highways, and sections 340-a and 340-b of the Highway Law, which deal with the construction of State interstate highways. Pursuant to these sections of the Iligii *81 ■way Law, the State of New York, through defendant, its Superintendent of Public Works, is in the process of constructing a portion of Interstate Route Connection 1, as set forth in chapter 357 of the Laws of 1956 and designated as Interstate Route Connection 520 by chapter 585 of the Laws of 1957, said route being a connection between Interstate Route 501 (New England Thruway) and Interstate Route 502 (New York State Thruway). Defendant has seen fit to appropriate the aforementioned portion of plaintiff’s lands for said highway purposes under the authority vested in him by the aforesaid sections of the Highway Law, and under such circumstances the two acts are plainly repugnant and inconsistent and are unable to stand together under these circumstances. It is apparent that the provisions of the Highway Law insofar as they empower defendant to appropriate land for highway purposes cannot be given effect without coming in direct conflict with the afore-mentioned 1927 statute regarding plaintiff’s lands. The latter exempts plaintiff’s property from appropriation, while the former subjects it thereto, and under the rules above stated the 1927 statute must give way to the 1956 statute.
Accordingly, in the light of the afore-mentioned and since the material allegations of the complaint are admitted and no questions of fact are presented, plaintiff’s motion is denied, the defendant is entitled to a judgment on the merits to the extent of declaring that chapter 659 of the Laws of 1927 is invalid insofar as it prohibits the defendant from appropriating plaintiff’s land as laid out upon the appropriation map filed in the office of the Secretary of State and in the Department of Public Works on January 31, 1957, and insofar as it prevents the filing of said map in the office of the Clerk of the County of Westchester, and that defendant may not be enjoined from entering upon plaintiff’s lands in the name of the State of New York for the purposes connected with the highway system of the State of New York. (Cf. Hoffman v. City of Syracuse, 2 A D 2d 653, mod. on other grounds 2 N Y 2d 484, and cases cited therein; Strobe v. Netherland Co., 245 App. Div. 573; Birnbaum v. New York State Teachers Retirement System, 3 A D 2d 815.)
Implicit in the determination herein is a finding by the court that it has jurisdiction of the subject matter of this action (Pauchogue Land Corp. v. State Park Comm., 243 N. Y. 15; Niagara Falls Power Co. v. White, 292 N. Y. 472). Moreover, said determination is without prejudice to whatever rights plaintiff may have to compensation for the taking of its land.
Settle order and judgment on notice.