■ ETHEL E. DANIELS, Respondent, v. EVERETT L. DANIELS, Appellant, et al., Defendant.— In an action by a wife for a judgment declaring, *inter alia,* that a Florida decree of divorce obtained by her husband is null and void and that she is his lawful wife (1st cause of action) and for a separation (2d cause of action), the appeal is from an .order denying the husband's motion for summary judgment dismissing the first and second causes of action (Rules Civ. Prac., rules 113, 114). Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ GROVE HILL REALTY COMPANY, Appellant, v. FERNCLIFF CEMETERY ASSOCIATION et al., Respondents.— In 1910 Grove Hill Realty Company conveyed certain lands to Ferncliff Cemetery Association to be used for cemetery purposes, in consideration of which Ferncliff agreed to pay Grove Hill one half of the selling price of the burial plots sold by Ferncliff. Ferncliff has made payments to Grove Hill as agreed since that time. The Cemetery Board of the State of New York has advised Ferncliff that by reason of the provisions of subdivision 2 of section 87 of the Membership Corporations Law (as amd. by L. 1949, ch. 533) there must first be deducted from the proceeds of the sale of each plot 25% for the maintenance funds required by section 86-a of said law, added by the 1949 amendment, and that Ferncliff may thereafter pay Grove Hill one half of the net amount remaining after such deductions. In this action, Grove Hill seeks a judgment declaring, *inter alia,* that subdivision 2 of section 87 of the Membership Corporations Law does not prohibit payment to it in accordance with the aforesaid agreement or, if the court finds that the statute prohibits such payments, that subdivision 2 of section 87 is invalid and unconstitutional. The appeal is from so much of an order and judgment (one paper) as determines that respondents are entitled to judgment on the merits and declares that subdivision 2 of section 87 and section 86-a of the Membership Corporations Law are valid and constitutional insofar as they affect appellant's agreement with Ferncliff. Order and judgment, insofar as appealed from, unanimously affirmed, without costs. (*Keith* v. *Maple Grove Cemetery Assn.,* 208 Misc. 217, motion for leave to appeal dismissed 1 A D 2d 665.) Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ. [9 Misc 2d 47.]

■ FANNIE GUARINO et al., Appellants, v. TOMPKINS ENTERPRISES, INC., Respondent.— In an action by plaintiff Fannie Guarino to recover damages for personal injuries and by her husband for medical expenses and loss of services, the appeal is from a judgment entered on a dismissal of the complaint at the close of the plaintiffs' case. The appellant wife claimed to have been injured when she fell on an icy sidewalk abutting respondent's premises. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.