George M. Fanelli, J.
This is a motion by defendants to dismiss a complaint, prior to the service of an answer; upon the following grounds: (1) that the court does not have jurisdiction of the person of defendants; (2) that the court does not have jurisdiction of the subject matter of the cause of action; (3) that insofar as plaintiff has brought the action in a representative capacity, plaintiff does not have legal capacity to sue; and (4) that the complaint fails to state a cause of action, and, is, therefore, legally insufficient.
The action is brought by the City of Mount Vernon against the East Hudson Parkway Authority (hereinafter referred to as the “Authority”) and J. Burch McMorran, as Superintendent of Public Works of the State of New York (hereinafter referred to as the “ Superintendent ”), to enjoin them from appropriating certain property belonging to plaintiff and others for the purpose of widening the Cross County Parkway in said city.
The complaint, in substance, alleges: (1) that defendants are planning to widen the Cross County Parkway in the City of Mount Vernon from a present four-lane highway to an eight- *473 lane highway; that a six-lane highway is feasible without physical widening of the right of way and without the acquisition of additional land, but that the proposed eight-lane highway requires the taking of a city street known as Sherman Avenue, and private property; that the need for an eight-lane highway is based on projected needs in the year 1985 and that, consequently, there is an absence of any present public use; (2) that the proposed widening of the highway will interfere with the duly adopted master plan for the city with relation to urban renewal; (3) that the widening is not necessary and, therefore, such determination on the part of defendants is arbitrary and capricious and in violation of the powers of defendant Authority; and, finally, (4) that defendants have no power to take Sherman Avenue, a municipally owned street, without the city’s consent.
Defendants, on the other hand, take several positions: (1) that both the Superintendent and the Authority, being agents of the State, in the performance of a purely governmental function — the acquisition of a highway in the name of the State — are immune from injunctive suits and liability of any kind, except in those instances where it has consented thereto by express and specific constitutional or legislative enactment; (2) that plaintiff, a municipal .corporation, exercises governmental, rather than proprietary functions, in dealing with streets and highways; that a municipal corporation such as plaintiff merely acts as an agency of the State and holds its streets and highways in trust for the public and that whatever estate or interest it has in them belongs to such municipality in its governmental capacity as an agency of the State; (3) that plaintiff city as owner of Sherman Avenue has no standing to object to the validity of any other taking on behalf of other private owners, and consequently, has no standing to maintain a cause of action in a representative capacity; and (4) that the complaint is legally insufficient since there is no proof of 11 lack of authority ’ ’, absence of “necessity” for the taking, or absence of “public use ” in that the property to be appropriated will not be devoted to such use until 1985.
In order to properly evaluate the afore-mentioned contentions of the respective parties to this lawsuit, it becomes necessary to first examine the actions of the Legislature of the State of New York. Effective April 18, 1960, the Legislature, in amending the “ Public Authorities Law, in relation to the creation of the East Hudson parkway authority and the transfer thereto certain real property owned by the County of Westchester ”, enacted chapter 649 of the Laws of 1960 (known as the East Hudson Parkway Authority Act), which created in turn the *474 East Hudson Parkway Authority, one of the defendants herein. Among other things, the Authority was empowered, as an agency of the State, “ to reconstruct, relocate, improve, operate and maintain, so long as its corporate existence shall continue, the Westchester county parkway system, upon its transfer to the authority ” (which system included the Cross County Parkway), and “ [t]o do all that is necessary or convenient to carry out its purpose and exercise the powers expressly given in [said Act] ”. (Public Authorities Law, § 453, subds. 13, 18.) The act also provided for a transfer and conveyance to the Authority in the name of the State by the County of Westchester through its Board of Supervisors land with the approval of the 'County Executive, with or without consideration, the property then owned by the county and comprising the Westchester County parkway system.
The act also provided in subdivision 3 of section 457 (entitled, Acquisition and disposition of real property) that: “The authority may acquire in the name of the state by purchase or condemnation pursuant to the condemnation law such real property or rights of easements therein as may be necessary or proper for the reconstruction, improvement or operation of the Westchester county parkway system and sell any such property not necessary for the reconstruction, relocation, improvement or operation of the Westchester county parkway system, provided, however, that the authority shall have no power to condemn property the legal title to which is vested in a municipality or political subdivision of the state unless such municipality or political subdivision shall consent thereto, and provided further, however, that the authority shall not, without the consent of the county dispose of any real property which has been transferred to it in the name of the state pursuant to subdivision two of this section”. (Emphasis supplied.)
Two years later the Legislature amended the act (L. 1962, oh. 771) to the extent, inter alia, of adding subdivision 4 to section 457, which read as follows: “ The superintendent when requested by the authority and when funds are available may acquire such real property in the name of the state by appropriation as may be determined from time to time by the authority as being necessary for the reconstruction, relocation, improvement or operation of the Westchester county parkway system and, where necessary, remove the owner or occupant thereof and obtain possession and dispose of any real property so acquired according to the procedure provided in section thirty of the highway law”.
*475 And, finally, in the following year, the Legislature further amended the act and subdivision 4 of section 457 (L. 1963, ch. 962) so that it now reads as follows: “ If funds are made available by the authority for the payment of the cost and expense of the acquisition thereof, the superintendent, when requested by the authority, may acquire such real property in the name of the state as may be determined from time to time by the authority as being necessary for the reconstruction, relocation, improvement or operation of the Westchester county parkway system, and where necessary, remove the owner or occupant thereof and obtain possession and dispose of any real property so acquired, according to the procedure provided in section thirty of the highway law. The authority shall have the right to possess and use for the purpose of Westchester county parkway system all such real property so acquired. Claims for the value of the property appropriated and for legal damages caused by any such appropriation shall be adjusted and determined by the superintendent with the approval of the authority or by the court of claims as provided in section thirty of the highway law. When a claim has been filed with the court of claims, the claimant shall cause a copy of such claim to be served upon the authority and the authority shall have the right to be represented and heard before such court. All awards and judgments arising from such claims shall be paid out of moneys of the authority ’
At the outset the court notes that while it is generally true that on a motion to dismiss a complaint because of legal insufficiency on its face, the court must accept the allegations contained therein as true and the reasonable inferences that may be drawn therefrom, yet, in passing upon such branch of the motion the court has taken into consideration the affidavits submitted by both sides. These affidavits may be considered by the court in the same manner as they could be considered on a motion for summary judgment. In fact, the court may treat the motion as a motion for summary judgment (CPLR 3211, subd. [c]).
One of the defendants’ contentions, namely, that plaintiff city has no standing to maintain this action in a representative capacity, is easily disposed of since it appears from plaintiff’s memorandum of law that it has brought this action in its own name for redress of its own legal grievances and that ‘ ‘ the references, in the complaint to the consequences in the event injunctive relief is not granted to home owners in the area are set forth to apprise the court of the ultimate facts and consequences attendant upon the consummation of the defendants’ plan for the super highway ”.
*476 Insofar as jurisdiction over the person of the defendants is concerned, the court is of the view that it does have such jurisdiction in this case. Here, plaintiff charges that defendant Superintendent does not have the power to appropriate the city’s property, to wit: Sherman Avenue, in the name of the State, for the reconstruction, relocation, improvement or operation of the Cross County Parkway. While it is true that in many instances it has been held that a suit against individuals acting as agents of the State is in fact a suit against the State, and, that as such, it carries with it a certain amount of immunity unless there is prior consent, nevertheless, the law is well settled that where a question of power is concerned, such immunity does not prevail. The acts of defendant Superintendent, even though in discharge of a legislative function under authority delegated by the Legislature, are not immune from judicial review, if he acts in excess of his authority or does not proceed in the manner authorized by law. Defendants in their memorandum of law recognize this fact, and this court, as well as the Court of Appeals, has so held in the case of Society of N. Y. Hosp. v. Johnson (9 Misc 2d 73, mod. on other grounds 5 A D 2d 552, affd. 5 N Y 2d 102); see, also, Matter of Brown v. McMorran (42 Misc 2d 211); cf. Ontario Knitting Co. v. State of New York (205 N. Y. 409).
The court finds that it is not called upon to reach the question of whether or not it has jurisdiction of the subject matter, as urged by defendants, i.e., whether a municipality in exercising governmental functions over streets and highways does so merely as an agent of the State, since the court is of the opinion that the complaint is legally insufficient and must be dismissed.
It would seem that the pivotal question upon which this decision hinges is the effect of subdivisions 3 and 4 of section 457 standing side by side. It is quite apparent that when it originally amended the Public Authorities Law by enacting the East Hudson Parkway Authority Act in 1960 the Legislature provided in subdivision 3 of section 457 that the procedure to be followed by the Authority in order to take real property for purposes of reconstruction, relocation, improvement or operation of the Westchester County Parkway system was by means of (1) purchase, or (2) condemnation pursuant to the provisions of the Condemnation Law of this State, in which event the Authority was precluded from condemning municipally owned land unless consent thereto was first obtained from the municipality. Thereafter, however, and two years later, the Legislature in its wisdom and for reasons best known to it, amended section 457 by adding subdivision 4 which provided an alterna *477 tive and additional procedure whereby the Authority could acquire real property for parkway purposes. This time, the Legislature provided a simpler and more expeditious procedure of appropriating such property and one that for many years prior thereto had been used by the State for acquisition of property required for the construction and reconstruction of State highways and structures thereon, to wit, section 30 of the Highway Law. The procedure thereunder whereby the Superintendent of Public Works of the State of New York acquires real property for general highway and allied purposes is nothing new in the law in this State (see, e.g., Public Authorities Law, § 358 [New York State Thruway Authority]; § 529 [New York State Bridge Authority]; § 1007 [Power Authority of the State of New York]; Highway Law, §§ 340-a, 340-b [State interstate routes]).
Instead of proceeding by condemnation under subdivision 3, •the Superintendent, in the name of the State, is now authorized under subdivision 4 “ if funds are made available by the authority for the" payment of the costs and expense of the acquisition thereof ’ and, ‘ ‘ when requested by the authority ” to “ acquire such real property * * * as may be determined * * * by the authority as being necessary for the reconstruction, relocation, improvement or operation of the Westchester county parkway system ’ ’. Defendant Superintendent, in exercising the statutory power thus vested in him by subdivision 4, after funds have been made available to him by the Authority and after request by the Authority, has determined that it is necessary to appropriate plaintiff’s property (Sherman Avenue), among other properties, in order to widen the Cross County Parkway in the City of Mount Vernon from a present four-lane highway to an eight-lane highway. While it is true that in using the procedure authorized in subdivision 4 (appropriation) rather than in subdivision 3 (condemnation) it is no longer necessary for the Authority or the Superintendent to obtain the consent thereto even though the subject property is municipally owned, the conclusion is inescapable that the Legislature must have known and have been cognizant of the provisions outlined in subdivision 3 when only two years after its enactment, it amended section 457 to the extent, among other things, of providing the alternative and additional procedure set forth in subdivision 4. The two subdivisions are not incongruous and irreconcilable with, or repugnant to, each other. Nor is there involved a question of repeal by implication. The answer is a simple one, and, that is, that the Legislature merely intended to provide an alternative, additional and less onerous procedure *478 (already in use in many, many other instances, supra) whereby the Superintendent, under the existence of certain conditions, could acquire real property for the purpose of reconstruction, relocation, improvement or operation of the Westchester County parkway system.
Plaintiff’s statement that subdivision 4 is unconstitutional is without merit and is rejected. The law is clear. The principles by which to test the constitutionality of a statute have been asserted over and over again. A legislative enactment carries with it a strong presumption of constitutionality, i.e., it is presumed to be supported by facts known to the Legislature. Courts may not be concerned with questions as to reasonableness, wisdom or propriety of legislative enactments, and courts strike down statutes only as a last resort, and only when unconstitutionality is shown beyond a reasonable doubt (Lincoln Bldg. Associates v. Barr, 1 N Y 2d 413, 415; Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537, 540-541; Wiggins v. Town of Somers, 4 N Y 2d 215, 218-219; 8 N. Y. Jur., Constitutional Law, §§ 59-63; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §§ 141, 150; Paterson v. University of State of N. Y., 14 N Y 2d 432, 438).
Here, plaintiff cannot challenge the fact that the proposed taiding of its property is for a public use — reconstruction, relocation, improvement or operation of the Cross County Parkway. Bather, it attacks the question of “ necessity ” for the proposed appropriation of its land. Once again, the overwhelming weight of authority is to the effect that the question of necessity or expediency of a taking in eminent domain lies within the discretion of the Legislature and is not a proper subject of judicial review (Rindge Co. v. Los Angeles, 262 U. S. 700; Matter of City of New York [Ely Ave.], 217 N. Y. 45; Matter of City of Rochester v. Holden, 224 N. Y. 386). It is quite apparent that the Superintendent in exercising the power entrusted to him by subdivision 4 is acting as the Legislature’s agent by determining for it what property is necessary. He is authorized, after making such determination, to proceed with the acquisition of the needed land as the alter ego for the Legislature. Certainly, the Legislature could not possibly delineate every bend, turn and width in the road, and, under >the circumstances, it adopted the only practicable measure, i.e., it expressly empowered the Superintendent, acting on behalf of the State, to acquire such property as he deems necessary for the widening of the Cross County Parkway. Whether it should be a six-lane highway at the point in question or an eight-lane highway is a matter for the Superintendent’s determination, and not this court. *479 Similarly, the fact that the land to be acquired may not be used until sometime in the future, does not destroy its “ present necessity ” nor the fact that it is for a “ public use ” (Matter of Staten Is. R. T. Co., 103 N. Y. 252; Rindge Co. v. Los Angeles, supra). There can be no doubt that regulation of automobile traffic to promote safety on the highways and parkways of this State is today a matter of great public concern. With constant reminders of the numbers killed and maimed each year, it is a matter of utmost importance, and it would be folly for this court to even attempt to substitute its judgment for that of the statutory discretion vested in the Superintendent of Public Works of the State of New York by the Legislature, particularly, as to the width of the parkway at the location in question, with his projections for the future in mind.
Turning to the question of authority on the part of the Superintendent, the moving affidavit, sworn to December 10, 1964, is by Paul Q-. Baldwin, the Director of the Bureau of Bights of Way and Claims of the New York State Department of Public Works, who alleges that he is fully acquainted with all of the facts and circumstances of the proposed appropriation of parcels for the purposes of the Cross County Parkway (Q-ramaitan Ave. to North Columbus Ave.), City of Mount Vernon. He further swears under oath that pursuant to subdivision 4 of section 457, the Authority has requested the Superintendent to acquire plaintiff’s property by appropriation under section 30 of the Highway Law; and also, that in compliance with said subdivision 4, the Authority has transferred to the Superintendent sufficient funds to cover the costs and expenses of acquisition of said parcels. Mr. Baldwin further states under oath that the Department of Public Works advertised for bids for the construction of the proposed project; that bids have been received, the lowest one being for some $5,334,056; that appropriation maps, in accordance with section 30 of the Highway Law have been filed in the office of the Secretary of State; that these maps will be filed in the office of the Westchester County Clerk as soon as title certifications are received from the State Department of Law; and that he expects that all the maps will be filed about January 15, 1965.
The opposing affidavit, sworn to December 24, 1964, is submitted by the Corporation Counsel of the City of Mount Vernon, in which he makes the bald, conclusory statement that there is no evidence of ¡the request made by the Authority to the Superintendent; that there is no evidence of action taken by the Superintendent upon that request; that there is no statement of the amount of funds transferred to the Superintendent regarding *480 the entire cost of the project; that the moving affidavit only concerns itself with that one-mile portion of the parkway located in Mount Vernon and makes no reference to the remaining four miles of proposed widening; and it does not appear with any degree of certainty exactly what the entire acquisition will amount to, or the cost thereof.
In the light of the afore-mentioned, the court is of the opinion that the papers now before it fail to show that there is any merit to plaintiff’s cause of action. Plaintiff has failed to make the requisite factual showing sufficient to require a trial of any real genuine issues of fact. In the face of the sworn statements contained in the moving affidavit, and, in the absence of any evidentiary proof (as distinguished from bald conclusory statements) to the contrary, the court holds that it is warranted as a matter of law in dismissing the complaint upon the ground of legal insufficiency. Motion granted.