█ CITY OF MOUNT VERNON, Appellant, v. EAST HUDSON PARKWAY AUTHORITY et al., Respondents.— In an action: (a) to limit the widening of Cross County Parkway to six instead of eight lanes; and (b) to enjoin the State from proceeding with the necessary condemnation and construction, the plaintiff appeals from an order of the Supreme Court, Westchester County, entered February 23, 1965, which granted defendants' motion to dismiss the complaint for legal insufficiency. Order affirmed, without costs. We construe the complaint as being, in effect, an action under article 15 of the Real Property Actions and Proceedings Law (former Real Property Law, art. 15), such action having for its purpose the settlement of the conflicting claims of plaintiff and defendants to Sherman Avenue in the City of Mount Vernon. So construed, the Supreme Court has jurisdiction of the persons of the defendants and of the subject matter of the action (*Niagara Falls Power Co.* v. *White,* 292 N. Y. 472; Real Property Actions and Proceedings Law, § 1541, formerly Real Property Law, § 508). However, the complaint is otherwise insufficient. The claimants and the contractors have the faith of the State to pay all claims in connection with the cost and expense of the acquisition, and in connection with the cost of the construction work (*Pauchogue Land Corp.* v. *State Park Comm.,* 243 N. Y. 15). Subdivisions 3 and 4 of section 457 of the Public Authorities Law represent different methods of acquiring property in connection with the improvement of the parkway system. By the method which defendants have chosen (Public Authorities Law, § 457, subd. 4), the consent of the plaintiff city to the taking of city-owned property is not required. Beldock, P. J., Christ, Brennan and Hill, JJ., concur; Ughetta, J., concurs in the result. [45 Misc 2d 471.]