F. William Guma, J.
This is a motion by the defendant to dismiss complaint for insufficiency, before interposing an answer, pursuant to CPLR 3211 (subd. [a], par. 7). The complaint alleges, in substance damages sustained by plaintiff by reason of the defendant’s breach of a separation agreement entered into by the parties on or about July 11,1967 in the sum of $3,966.92.
The action is brought by plaintiff against her former husband for his alleged failure to pay the maintenance and carrying charges for defendant’s former house at 116-51 230th Street, Cambria Heights, New York.
Defendant takes several postions: (1) That the only obligation of defendant under the aforesaid separation agreement pertinent to this action is set forth in paragraph “ third ” of said agreement, to wit:
“ third: The parties agree that the wife shall have the absolute right to use and occupy premises 116-51 230th Street, Cambria Hsights, N. Y., and the husband agrees to continue the maintenance and carrying charges of the aforesaid premises during the use and occupancy. The wife agrees that she will vacate the premises within three months after her daughter Ursula (by a previous marriage) reaches the age of 18 years, *345 or in the event the wife should remarry, then she shall vacate the premises within three months after said marriage.
“ The use and occupancy of the premises shall be in lieu of any claim or claims that the wife has for alimony, support or maintenance. ’ ’ That he is no longer the owner of said premises, the mortgage having been foreclosed by the Jamaica Savings Bank due to his serious financial reverses; (2) that plaintiff no longer resides at said premises, and hence, the action cannot lie and must be dismissed on its face; (3) the children referred to in paragraph “ third ” of said agreement are not defendant’s children but of a prior marriage of plaintiff, thus, defendant has no legal obligation to support, and (4) upon information and belief plaintiff has remarried and is presently employed.
Plaintiff did not interpose any affidavits denying defendant’s allegations that plaintiff has remarried.
The court notes that while it is generally true that on a motion to dismiss a complaint because of legal insufficiency on its face, the court must accept the allegations contained therein as true and the reasonable inferences that may be drawn therefrom, yet, in passing upon such branch of the motion, the court has taken into consideration the affidavits submitted by both parties. These affidavits may be considered by the court in the same manner as they could be considered on a motion for summary judgment. In fact, the court is disposed to treat the instant motion as a motion for summary judgment (CPLR 3211, subd. [c]; City of Mount Vernon v. East Hudson Parkway Auth., 45 Misc 2d 471, affd. 23 A D 2d 849).
CPLR 3211 (subd. [c]) contains an extraordinary power discretionary with the court — the power to treat any motion, regardless of ground pursuant to CPLR 3211, as one for summary judgment. ‘6 With such an impact, this ‘ treatment ’ is not to be lightly indulged.” (Siegel, Commentary C3211.44, McKinney’s Cons. Laws of N. ¥., Book 7B, CPLR 3211.)
In this connection such a disposition should be made only when the proof before the court is complete, enabling the court to discern that there are no general factual issues and that judgment is warranted summarily for one side or another (Siegel, McKinney’s Commentary C3211.44, supra).
The court notes that the Advisory Committee Report (First Preliminary Report of Advisory Committee on Practice and Procedure, 1957, pp. 86-87) in a discussion of subdivision (d) of CPLR 3211 stated that the court can grant a continuance “ to permit further affidavits to be obtained * * * or may make such other order as may be just.”
*346 Thus, it is the opinion of this court to advise the parties that it intends to treat this as a motion for summary judgment. This will prevent surprise and cover the contingency that either party, not anticipating any such treatment, has omitted any item of proof which might be relevant to the issue of summary judgment.
Accordingly, the Clerk of this court is ordered to mail a copy of this opinion to each of the parties’ attorneys. The plaintiff shall, within 10 days after the Clerk’s mailing of this opinion to him, serve any other affidavit of proof which might be relevant herein. Within 10 days thereafter, the defendant may serve and submit to this court by mail with proof of service such additional papers as the defendant desires.
Disposition of this motion will be held in abeyance pending receipt of such other additional proof.